UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW WOODS,

          Plaintiff,

-vs-                                           Case No. 5:05-cv-394-Oc-10GRJ

PAUL VALENTINO, in his individual
capacity; DEVON TURNER, in his
individual capacity; RITA BUTZ, in her
individual capacity; WILLIAM "BILL"
OLSEN, in his individual capacity;
ANDREW WILLIAMS, JR., in his individual
capacity; DEBORAH RODDEN WILLIAMS,
or Debbey - in her individual capacity,

          Defendants.
_____

## O R D E R

On September 12, 2005, the Plaintiff, proceeding *pro se*, filed his seven-count Complaint against the six Defendants in their individual capacities under 42 U.S.C. § 1983. The Plaintiff alleges that the Defendants violated his First, Fourth and Fourteenth Amendment rights when they broke into his home without a warrant, used excessive force to arrest him, falsified a probable cause arrest affidavit, and repeatedly threatened him and a relative with bodily harm. This case is before the Court for consideration of the Defendants' motions to dismiss (Docs. 17, 20, 28), to which the Plaintiff has filed a response (Docs. 19, 25, 31). For the reasons stated below, the motions are due to be granted in part and denied in part.

## **Factual Background**

The following facts are alleged in the Plaintiff's Complaint (Doc. 1) and are taken as true for the purposes of the motions to dismiss. At all relevant points in time, the Plaintiff resided in a home in the Town of Lady Lake, Florida, within Lake County, Florida. Defendants Andrew Williams Jr., a deputy sheriff with the Lake County Sheriff's Office, and his wife Deborah Rodden Williams were neighbors of the Plaintiff. The Williams Defendants had been engaged in a dispute with the Plaintiff and his relative Della Woods for some time, and the Williams Defendants had a restraining order against the Plaintiff, barring him from any contact or communication with either Mr. or Mrs. Williams. Defendants Paul Valentino, William Olsen and Rita Butz were all Lady Lake police officers. Defendant Devon Turner was a deputy sheriff with the Lake County Sheriff's Office.

On February 23, 2003 Defendants Valentino, Butz, Olsen and Turner entered the Plaintiff's home without a warrant and arrested the Plaintiff on a misdemeanor charge of violating the restraining order obtained by Mr. and Mrs. Williams. According to the Plaintiff, the Defendants had sufficient time to apply for and obtain a warrant, but chose not to do so. The Plaintiff also alleges that Defendants Olsen and Valentino falsified their probable cause arrest affidavits by erroneously stating that the Plaintiff erected signs directed towards the Williams Defendants in order to have "nonverbal communication" with them, and yelled at Mr. Williams in violation of the restraining order. When the Williams Defendants made their complaint to the police department, however, they stated that it was

Della Woods who erected the signs and yelled at Mr. Williams, not the Plaintiff.  The misdemeanor charge against the Plaintiff was ultimately dismissed.

During the Plaintiffs' arrest, Defendants Valentino, Turner, Olsen and Butz pushed open the door to the Plaintiff's house with such force as to cause the Plaintiff to break his foot and wrist.  Following his arrest, the Plaintiff was handcuffed and placed in a fire rescue truck. While he was sitting there handcuffed, Defendant Olsen approached the Plaintiff and hit his foot several times, causing further injury.

The Plaintiff further alleges that the actions of the Defendants are all in retaliation for a lawsuit filed by Della Woods against Mr. Williams on July 15, 2002, and in retaliation for the Plaintiff writing an "Opinion" column for the local newspaper on November 24, 2002 which addressed witnesses lying during official court proceedings.  According to the Plaintiff, the Defendants, and in particular the Williams Defendants, repeatedly threatened the Plaintiff and Della Woods with bodily harm if they did not move from the Plaintiff's home and away from Lady Lake.  At some point prior to the filing of this lawsuit, the Plaintiff sold his home in Lady Lake and relocated to Marion County, Florida.

## Standard of Review

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir.  1968).  Thus, if a complaint "shows that the Plaintiff is entitled to

any relief that the Court can grant, regardless of whether it ask for the proper relief," it is sufficiently plead. Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957). As the Supreme Court declared in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove not set of facts in support of his claim that would entitle him to relief." See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim," Conley, 355 U.S. at 47. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore be liberally construed." See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); see also Haines v. Kerner, 404 U.S. 591, 596 (1972).

Federal Rule of Civil Procedure 12(e) provides the standard for granting a motion for more definite statement:

> Where a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike

>> the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e).  See also Barnett v. Bailey, 956 F.2d 1036 (11th Cir.1992).  Where a complaint may not have contained sufficient information to allow a responsive pleading to be framed, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir.1985) (internal citations omitted).  However, because the rules of civil procedure employ the concept of notice pleading, motions for a more definite statement are not favored in light of the federal system's liberal discovery practice.  Scarfato v. National Cash Register Corp., 830 F.Supp. 1441 (M.D.Fla.1993).  A motion for a more definite statement will therefore be denied where the plaintiff's complaint gives the defendants fair notice of the nature and basis of the claim as well as a general indication of the type of litigation involved.

## Discussion

I.     Counts I Through VI Sufficiently Allege Discrete Claims

Each Defendant has filed a motion to dismiss arguing that the factual allegations contained within the *pro se* Plaintiff's Complaint are vague, ambiguous, disorganized, incoherent, repetitive and contain irrelevant and scandalous accusations. The Defendants further contend that the seven counts in the complaint are undecipherable, reallege all of the allegations contained in the preceding paragraphs, and are not limited to discrete

claims, and that the Plaintiff has not even properly alleged subject matter jurisdiction. In other words, the Defendants argue that the Plaintiff's complaint is a "shotgun pleading" replete with "gobbledygook." As such, each Defendant requests that the Plaintiff's complaint be dismissed with leave to amend, or that he be required to provide a more definite statement that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. In response, the Plaintiff contends that he has sufficiently pleaded claims under 42 U.S.C. § 1983 against each Defendant, and that the Court should act with leniency and take into account his *pro se* status.

The failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Typically, a "shotgun pleading" occurs when a complaint incorporates by reference every single preceding paragraph into each individual claim. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir.2001); Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir.1997). When faced with such a pleading, the proper relief is to require the plaintiff to file a more definite statement. Anderson v. District Bd. Of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996).

With the exception of Count VII as discussed below, the Court does not believe that such relief is required here. While the *pro se* Plaintiff does ramble on to some extent, and his pleading is not the most artful of products, his Complaint does provide a clear and plain statement of the facts and of the claims alleged, identifies the specific Defendants involved

in each discrete claim, and places each Defendant on notice as to the claims against him or her.  Nothing more is required under the Federal Rules.

The Court was easily able to discern upon its first reading of the Complaint that the *pro se* Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983 against five current and/or former officers of the Lady Lake Police Department and the Lake County Sheriff's Department and one private citizen.  Count I alleges a claim under § 1983 against Defendants Valentino, Butz, Olsen and Turner and alleges a violation of the Plaintiff's Fourth Amendment rights based on these Defendants' warrantless entry into the Plaintiff's home and their arrest of the Plaintiff.  To sufficiently plead a claim for an illegal search and seizure under the Fourth Amendment and § 1983, the Plaintiff must allege that: (1) these four Defendants engaged in conduct which deprived the Plaintiff of a federal constitutional right by subjecting him to an unreasonable search of his house and seizure of his person; (2) these Defendants were acting under color of state law; and (3) the acts of these Defendants proximately caused the damages the Plaintiff claims to have sustained. See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  This he has clearly done.  The Plaintiff has alleged that Defendants Valentino, Butz, Olsen and Turner were all city or county law enforcement officers - *i.e.* state actors - that they deprived him of his Fourth Amendment rights, and that he suffered injuries as a result of that deprivation.  The fact that the Plaintiff incorporates all prior paragraphs into this claim does not render it unintelligible or "gobbledygook."

Similarly, the Plaintiff has sufficiently pled in Counts II and V claims under § 1983 and the Fourth Amendment alleging that Defendants Turner, Butz, Valentino and Olsen used excessive and unreasonable force when they entered the Plaintiff's home and arrested him, resulting in a broken wrist and foot. See, e.g. Draper v. Reynolds, 369 F.3d 1270 (11th Cir. 2004) (discussing elements of an excessive force claim). And Counts III and IV clearly allege claims with sufficient specificity under § 1983 and the Fourth Amendment against Defendants Olsen and Valentino, respectively, that they submitted various false statements in support of their probable cause affidavit. See, e.g., Hale v. Fish, 899 F.2d 390 (5th Cir. 1990); Payne v. DeKalb County, 414 F. Supp.2d 1158 (N.D. Ga. 2004) (both discussing elements of proof in Fourth Amendment claims based on false or misleading arrest affidavits).

In Count VI, the Plaintiff successfully alleges that all six Defendants engaged in various unlawful acts in retaliation against the Plaintiff for exercising his First Amendment right to free speech - specifically the November 26, 2002 newspaper article. To establish a § 1983 claim of retaliation for the exercise of free speech, the Plaintiff must prove that: (1) the Defendants were acting under the color of state law; (2) the Plaintiff's speech activities were protected under the First Amendment; and (3) the Plaintiff's exercise of his protected rights was a substantial motivating factor in the Defendants' actions. See Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 287 (1977). The Plaintiff has met all of these requirements: (1) he has alleged that each Defendant was either a state

actor, or acted in concert with a state actor;[1] (2) he has alleged that his newspaper article was protected First Amendment speech; and (3) he has alleged that the Defendants threatened him and arrested him in retaliation for the newspaper article. Thus dismissal of this claim would be inappropriate.

The Defendants' arguments that the Plaintiff has not sufficiently alleged subject matter jurisdiction are also not well taken. Although the Plaintiff mentions several Florida statutes in his Complaint, it is clear that his inclusion of these statutes is for the purpose of providing background information concerning his federal claims and for establishing that he has complied with all administrative prerequisites before filing a lawsuit in federal court. He does not mention any Florida statutes in any of his individual claims; rather the Plaintiff focuses solely on § 1983 and the alleged violations of his constitutional rights. In addition, the Plaintiff states in his responses opposing dismissal that he has not alleged any state law claims and is not seeking any relief under state law. Thus, the Plaintiff has sufficiently alleged federal question subject matter jurisdiction under 28 U.S.C. § 1331.

Applying the liberal "notice pleading" standards of Rule 8(a), and as well as the less stringent standards afforded *pro se* litigants, it is clear that Counts I through VI of the *pro*

---

[1] The Williams Defendants argue that because they are private citizens, any claims brought against them under § 1983 (Counts VI and VII) must be dismissed because they have not acted under color of state law. However, the *pro se* Plaintiff clearly identifies Mr. Williams as a Lake County deputy sheriff, and alleges that Mrs. Williams "jointly engaged with state official [sic]" in violating the Plaintiff's constitutional rights. See Complaint, ¶¶ 10-11. The Court finds this is sufficient to establish the existence of state action at this early stage in the litigation. See Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263 (2003).

*se* Plaintiff's Complaint should not be dismissed at this stage.  Given that the Plaintiff has complied with the requirements of Fed.R.Civ.P. 8(a), the Court finds that his Complaint is not so vague or ambiguous as to require him to amend Counts I through VI with more specificity.  Therefore, the Defendants' requests for a more definite statement are also due to be denied with respect to these claims.

II.     Count VII - Procedural Due Process

While the *pro se* Plaintiff has sufficiently pleaded discernable claims under the first six Counts of his Complaint, the Court agrees with the Defendants that Count VII, which appears to allege a violation of the Plaintiff's procedural due process rights, is not properly pled.  The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV, § 1.  "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."  Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006) (quotation omitted).  Thus, a claim alleging the denial of procedural due process, under 42 U.S.C. § 1983, requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty interest; (2) state action; and (3) constitutionally-inadequate process."  Id.

Here, while it is arguable that Count VII of the Plaintiff's Complaint alleges that he was deprived of his property interest in his home as well as his right to free speech, and that the Defendants acted under color of state law, he has failed to allege either a "constitutionally-inadequate process" or that the Defendants failed to provide adequate

10

procedures to prevent the deprivation of his property interests. Indeed, it is the law of this Circuit that a state agency "must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts,' before being subjected to a claim alleging a procedural due process violation." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 20000) (quoting McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc)). Given this deficiency, Count VII is due to be dismissed without prejudice and the Plaintiff will be provided an opportunity to amend his complaint.

### III.     Request for Attorneys' Fees

The Plaintiff has included in his requests for relief under each of his claims a request for attorneys' fees and costs. The Defendants have all moved to have the Plaintiff's request for attorneys' fees stricken, arguing that a *pro se* litigant is not entitled to attorneys' fees. The Defendants are correct. See Kay v. Ehrler, 499 U.S. 432 (1991); Ray v. U.S. Dept. Of Justice, 87 F.3d 1250 (11th Cir. 1996); Celeste v. Sullivan, 988 F.2d 1069 (11th Cir. 1992). Accordingly, any requests on behalf of the *pro se* Plaintiff for attorneys' fees shall be stricken from the Complaint, and the Plaintiff is instructed not to include any such requests if he chooses to file an amended complaint.

## **Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED and ADJUDGED that:

Case 5:05-cv-00394-WTH-GRJ   Document 41   Filed 07/06/06   Page 12 of 12 PageID 163

(1) The Defendants' Motions to Dismiss (Docs. 17, 20, and 28) are GRANTED IN PART to the extent that Count VII is DISMISSED WITHOUT PREJUDICE and the Plaintiff's requests for attorneys' fees are STRICKEN from the Complaint. In all other respects the Motions to Dismiss are DENIED;

(2) The Plaintiff shall have fifteen (15) days from the date of this Order to file an amended complaint correcting the deficiencies described above with respect to Count VII. The Plaintiff may not use this opportunity to add additional factual and/or legal allegations with respect to any of the six other claims, and may not include a demand for attorneys' fees. If the Plaintiff does not file an amended complaint within this time period, the Court will dismiss Count VII with prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 6th day of July, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record