UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW WOODS,
          Plaintiff,

-vs-                                            Case No. 5:05-cv-394-Oc-10GRJ

PAUL VALENTINO, in his individual
capacity; DEVON TURNER, in his
individual capacity; RITA BUTZ, in her
individual capacity; WILLIAM "BILL"
OLSEN, in his individual capacity,

          Defendants.
_____

## **O R D E R**

This case is before the Court for consideration of Defendants', Andrew Williams, Jr. and Deborah Rodden Williams, Motion for Attorney's Fees and Costs (Doc. 144), regarding which the Plaintiff has filed an affidavit in opposition (Doc. 149). The motion is ripe for review and is due to be granted in part and denied in part.

### **Background & Facts**

As discussed at length in previous Orders (see, e.g., Doc. 133) this case concerns the events surrounding the arrest of the Plaintiff on February 23, 2003 by officers from the City of Lady Lake Police Department and a Lake County sheriff's deputy. On the date of the incident leading to the Plaintiff's arrest, Andrew Williams, Jr. and Deborah Rodden Williams ("the Williams Defendants") and the Plaintiff were neighbors. Andrew Williams was an Orange County deputy sheriff who lived with Deborah, his wife, in Lake County.

As a result of the events surrounding his arrest, the Plaintiff filed a seven-count Complaint (Doc. 1) against the Defendants, suing each of them in their individual capacity for various alleged civil rights violations. On July 6, 2006, the Court granted in part the Defendants' motions to dismiss, directed the Plaintiff to file an amended complaint, and directed him to strike any requests for attorneys' fees. (Doc. 41). The Plaintiff filed an Amended Complaint (Doc. 42) on July 14, 2006 and, with leave of Court, a Second Amended Complaint (Doc. 73) on November 24, 2006. The Second Amended Complaint contained seven claims, two of which concerned the Williams Defendants: a First Amendment retaliation claim against all the Defendants (Count VI) and a Fourteenth Amendment substantive due process claim against all the Defendants (Count VII).

On May 14, 2007, the Court entered summary judgment (Doc. 133) in favor of the Williams Defendants. In that Order, the Court agreed with the Williams Defendants' contention that they were entitled to summary judgment because neither of them were state actors in the events giving rise to the Plaintiff's claims, and therefore were not subject to liability under § 1983. In opposition to summary judgment, the pro se Plaintiff nonetheless made cogent legal arguments as to why the Williams Defendants should be considered state actors for purposes his § 1983 claims, including reliance upon the nexus/joint action test. See Response in Opposition to Summary Judgment (Doc. 106); see also Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). However, the Court

ultimately found that the Plaintiff failed to present facts establishing that the Williams Defendants' private actions rose to the level of state action.

## Discussion

### i. *Attorney Fees*

The Williams Defendants now move for attorney fees pursuant to 42 U.S.C. § 1988. That section reads in pertinent part as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b).

As an initial matter, it is clear that the Williams Defendants are prevailing parties for the purposes of § 1988. In order to receive attorney fees as prevailing defendants, however, the Court must also determine that the Plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648, 657 (1978); see Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L. Ed. 2d

163, 172 (1980). In considering such a determination, the Supreme Court has cautioned that:

> [i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 421-22, 98 S. Ct. at 700, 54 L. Ed. 2d at 657. Further, the Eleventh Circuit has explained that "frivolity determinations are not subject to immutable rules but rather must be made on a case-by-case basis." Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (citing Sullivan v. School Bd., 773 F.3d 1182, 1188-90 (11th Cir. 1985)). "The standard has been described as a 'stringent' one." Walker v. NationsBank of Florida, N.A., 53 F.3d 1548, 1558 (11th Cir. 1995). Generally, "findings of frivolity have been sustained when either a motion for summary judgment or a motion for involuntary dismissal, Fed.R.Civ.P. 41(b), has been granted in instances where plaintiffs did not introduce any evidence to support their claim." Head, 62 F.3d at 355 (citing Sullivan, 773 F.2d at 1189). In addition, the Eleventh Circuit has identified other factors for consideration in determining whether a claim is frivolous, including: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Bruce v. City of Gainesville, Ga., 177 F.3d 949, 951 (11th Cir.1999) (citing Sullivan, 773 F.2d at 1189).

However, the fact that a defendant obtained summary judgment does not mandate an award of fees. See, e.g., Baker v. Alderman, 158 F.3d 516, 524 & n. 50 (11th Cir. 1998); O'Neal v. DeKalb County, Ga., 850 F.2d 653, 658 (11th Cir. 1988). Instead, even when a § 1983 defendant prevails on a motion for summary judgment, an attorney fee award is inappropriate if the case were difficult or if the plaintiff's "claims [we]re meritorious enough to receive careful attention and review." Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir.1991); see also, e.g., Hughes v. Rowe, 449 U.S. at 15-16, 101 S. Ct. at 179, 66 L. Ed. 2d at 163 (1980) ("Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals . . . . Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg."); Walker v. Nationsbank of Fla., N.A., 53 F.3d 1548, 1559 (11th Cir.1995) ("[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review.").

Here, the Williams Defendants prevailed on summary judgment upon a finding that the Plaintiff failed to present facts establishing that the Williams Defendants' private actions rose to the level of state action. The Williams Defendants did not offer to settle. However, the Court finds that the pro se Plaintiff's claims against the Williams Defendants were meritorious enough to receive careful attention and review and, as such, that an award of

attorney fees pursuant to § 1988 is not warranted. Indeed, the Plaintiff's First Amendment retaliation claim against all the Defendants (Count VI) survived a Rule 12(b)(6) motion to dismiss and the Plaintiff's Fourteenth Amendment substantive due process claim against all the Defendants (Count VII) was dismissed without prejudice pursuant to Rule 12(b)(6) only because the Court could not initially determine whether the Plaintiff alleged a deprivation of substantive or procedural due process rights. Moreover, on summary judgment, the pro se Plaintiff supported his claims with cogent legal argument that required careful consideration by the Court of the issue of whether the Williams Defendants fell within the nexus/joint action test. See May 5, 2007 Order at 13-19 (Doc. 133). Further, even though the Court granted summary judgment on Counts VI and VII on other grounds as to the remaining defendants, the Court finds that the Plaintiff's claims in those Counts were worthy of careful review and, as such, were not frivolous. See May 5, 2007 Order at 35-42 (Doc. 133).

### *ii.* *Costs*

The Williams Defendants also seek costs pursuant to Federal Rule of Civil Procedure 54(d) as prevailing parties. It is clear that the Williams Defendants are prevailing parties and that the award of costs is appropriate. The Williams Defendants seek costs in the amount of $1247.67. The Court finds no reason for a reduction of the requested costs.

## Conclusion

Accordingly, upon due consideration, Defendants', Andrew Williams, Jr. and Deborah Rodden Williams, Motion for Attorney's Fees and Costs (Doc. 144) is GRANTED to the extent that the Williams Defendants are awarded costs in the amount of $1,247.67 pursuant to Federal Rule of Civil Procedure 54(d) and DENIED in all other respects.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 12th day of September, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record